# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN R. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV526 |
| | ) | |
| VERNON RUSSELL, Individually | ) | |
| and as an attorney, LAW FIRM | ) | |
| OF PLUMMER, BELO & RUSSELL, PA, | ) | |
| and FOOT LOCKER INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for a recommendation on (1) Defendant Foot Locker, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim upon which Relief can be Granted and Memorandum in Support Thereof (Docket Entry 8); (2) the Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(6) (Docket Entry 12) filed by Defendants the Law Firm of Plummer, Belo & Russell, PA and Vernon Russell; (3) the Motion to Strike Defendant's Motion to Dismiss & Brief in Support (Docket Entry 18) filed by Plaintiff; (4) the Motion to Compel Each Party to have Separate Counsel to Avoid Conflict of Interest; Brief in Support (Docket Entry 19) filed by Plaintiff; and (5) the Motion to Dismiss Defendants [sic]

Motion to Dismiss (Docket Entry 20) filed by Plaintiff.[1] For the reasons that follow, Defendants the Law Firm of Plummer, Belo & Russell, PA ("Plummer, Belo & Russell, PA") and Vernon Russell's ("Russell's") motion to dismiss should be granted in part in that the Court should dismiss this action for lack of subject matter jurisdiction. In the alternative, Defendant Foot Locker Inc.'s ("Foot Locker's") motion to dismiss should be granted and Defendants Plummer, Belo & Russell, PA and Russell's motion to dismiss should be granted in part in that the Court should dismiss this action for failure to state a claim upon which relief can be granted. In addition, the Court should deny Plaintiff's motions as moot.[2]

## Background

Plaintiff, proceeding pro se, alleges that he "was in a criminal proceeding in Cabarrus County Courthouse on November 6th, 2001," in which Plaintiff "was blamed for approximately $30,000 worth of inventory that was stolen" from a Foot Locker store. (Docket Entry 1 at 1, 3.) At that time, Plaintiff hired Defendant Russell of Plummer, Belo & Russell, PA as defense counsel. (See

---

[1] For ease of reading, in citing Plaintiff's filings, the undersigned utilizes standard capitalization conventions.

[2] Plaintiff's Motion to Strike Defendant's Motion to Dismiss & Brief in Support (Docket Entry 18) and Motion to Dismiss Defendants [sic] Motion to Dismiss (Docket Entry 20) actually constitute responses to Defendants' motions to dismiss.

id. at 1.) Plaintiff alleges that Russell "[took] sides against [Plaintiff] by giving false information to the courthouse which [led] to the wrongful conviction on the [P]laintiff." (Id.) Plaintiff also asserts that Foot Locker "submitt[ed] false information about the [P]laintiff to the authorities." (Id.)

In July 2011, Plaintiff filed the instant action alleging three claims for "Defamation of Character and Slander" (id. at 2), as well as claims for "Intentional affliction [sic] of emotional distress, mental abuse and verbal abuse" (id.); "Neglectant [sic] Hiring" (id. at 3); "Conflict of Interest, Malpractice and Abuse of authority" (id.); "Negligence and Gross Negligence" (id.); and "Malicious Prosecution and Violation of Right to a Fair Trial" (id.) against Defendants Russell and Plummer, Belo & Russell, PA. Against Defendant Foot Locker, Plaintiff asserts two claims for "Defamation of Character and Slander" (id. at 3-4), as well as claims for "Intentional Affliction [sic] of emotional distress, mental abuse and verbal abuse" (id. at 4); "Malicious Prosecution and Violation of Right to a fair trial" (id.); "Violation of Right to earn a fair wage" (id.); "Negligence and Gross Negligence" (id.); and "Mental Anguish and Outrageous Conduct" (id.).

Although all of Plaintiff's claims constitute state law tort causes of action, Plaintiff contends that this Court has federal question jurisdiction because his action is brought "under 42 [U.S.C. §§] 1981, 1983, and 1985" (id. at 1) and because "[t]his

-3-

Complaint is based off" the 13th, 14th, 15th and 16th Amendments of the United States Constitution (id.).

Defendants filed motions to dismiss contending that Plaintiff's Complaint fails to state a claim upon which relief can be granted as Plaintiff's claims are either not recognized causes of action or, for those that are recognized causes of action, the applicable statute of limitations period has run. (See Docket Entry 12 at 1; see also Docket Entry 8 at 1.) Defendants Russell and Plummer, Belo & Russell, PA further contend that the Court lacks subject matter jurisdiction. (See Docket Entry 12 at 1.)

## **Existence of Subject Matter Jurisdiction**

Because subject matter jurisdiction constitutes a threshold question, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), the Court should address that issue first.

*I. Standard*

United States District Courts exercise two primary types of subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Federal courts may also preside over state law claims in conjunction with federal law claims if said state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court must dismiss an

-4-

action if it lacks subject-matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Citizens for a Better Env't, 523 U.S. at 103-04. Moreover, "[i]t is not sufficient . . . to merely assert a constitutional violation." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted). Rather, "[f]ederal jurisdiction requires that a party assert a substantial federal claim." Id. Accordingly, a district court may address a determination of subject matter jurisdiction by "find[ing] insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Furthermore, "[w]hen a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." Evans v. B.F. Perkins, Co., 166 F.3d 642, 647 (4th Cir. 1999).

In construing Plaintiff's Complaint in a context similar to an evaluation under Fed. R. Civ. P. 12(b)(6) as outlined above, the

-5-

undersigned notes the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine [Bell Atlantic Corp. v.] Twombly's[, 550 U.S. 544, 570 (2007),] requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009), respectively)).

*II. Discussion*

Plaintiff asserts that the Court has federal question jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331.

-6-

(See Docket Entry 1 at 1).[3]  Specifically, Plaintiff contends initially that the case is brought "under 42 [U.S.C. §§] 1981, 1983, and 1985."  (See id.)

With respect to 42 U.S.C. § 1981, in order to state a claim, Plaintiff "must allege that he is a member of a racial minority, that the defendant intended to discriminate against him on the basis of race, and that the discrimination concerned one of the statutorily enumerated rights." Emory Utils., Inc. v. Time Warner Cable, Inc., No. 7:09-CV-169-BO, 2010 WL 2402888, at *2 (E.D.N.C. June 11, 2010) (unpublished) (citing Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999)).  Plaintiff's Complaint lacks any such allegations.  In fact, the Complaint's only reference to race states that "Vernon Russell is an afro American attorney who practices law in Cabarrus County."  (Docket Entry 1 at 1.) Moreover, Plaintiff's other filings with the Court eliminate any basis to find that the instant action falls under 42 U.S.C. § 1981. In particular, Plaintiff's Motion to Strike Defendant's Motion to Dismiss & Brief in Support states: "This complaint is not based on race or discrimination.  However, the plaintiff's race is the same as the defendant Vernon Russell; therefore the argument of

---

[3] The Complaint does not allege jurisdiction based on diversity of citizenship and the filings show that Plaintiff, Plummer, Belo & Russell, PA, and Russell are residents of North Carolina.  (See Docket Entry 1 at 1-2; Docket Entry 3 at 1.)

-7-

discrimination and race is futile in this case." (Docket Entry 18 at 1.)

Plaintiff's Complaint similarly lacks assertions to support a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009), cert. denied, 130 S. Ct. 1140, 175 L. Ed. 2d 991 (2010). Even reading Plaintiff's Complaint liberally in light of Plaintiff's pro se status, see Erickson, 551 U.S. at 94, no basis exists to infer that any of the Defendants acted under color of state law, as Plaintiff has alleged in conclusory fashion (see Docket Entry 1 at 1 ("Both defendants are/or [sic] acting under color of state law.")). Furthermore, with respect to Defendant Russell, the Fourth Circuit has specifically held that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983." Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976). As "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful," Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (internal quotation marks and citations omitted), Plaintiff has failed to allege a cause of action arising under 42 U.S.C. § 1983.

Plaintiff also asserts that his Complaint is brought under 42 U.S.C. § 1985. (See Docket Entry 1 at 1.) All three subsections of Section 1985 require proof of a conspiracy. See 42 U.S.C. § 1985(1), (2) and (3). Plaintiff's Complaint lacks any factual assertions that would establish a conspiracy. (See Docket Entry 1.)

Further, Section 1985(1) relates to interference in the performance of a plaintiff's official duties. See 42 U.S.C. § 1985(1); Stankowski v. Farley, 251 Fed. Appx. 743, 747 n.1 (3d Cir. 2007) ("Section 1985(1) prohibits conspiracies to prevent individuals from holding office or discharging official duties."). Again, Plaintiff's Complaint does not allege such matters. (See Docket Entry 1.) Similarly, Section 1985(2) addresses acts involving either "force, intimidation, or threat" to obstruct justice or obstruction of justice aimed at undermining equal protection of the law, see 42 U.S.C. § 1985(2); Stankowski, 251 Fed. Appx. at 747 n.1 ("Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witnesses who have testified, or attempting to influence or injure grand or petit jurors."), but Plaintiff's Complaint contains no such factual allegations (see Docket Entry 1). Finally, Section 1985(3) requires proof of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff's

-9-

Complaint lacks any such factual allegations. (See Docket Entry 1; see also Docket Entry 18 at 1.) Section 1985 thus provides no basis for federal jurisdiction in this case.

Plaintiff goes on to contend that his Complaint "is based off" the 13th, 14th, 15th and 16th Amendments to the United States Constitution. (Docket Entry 1 at 1.) Additionally, in Plaintiff's Motion to Dismiss Defendants [sic] Motion to Dismiss (Docket Entry 20), Plaintiff provides a somewhat lengthy, but wholly inadequate, explanation of his various bases for federal jurisdiction:

> The Party Injured herein has brought a complaint, evoking [sic] this court's jurisdiction pursuant to 28 U.S.C. section 1331. Raising the federal question of Constitutional Violations including violations of the 4th, 5th, 6th, and 8th Amendments to the United States Constitution as purviewed [sic] through the 14th Amendment. He has raised the federal question of violations of the Speedy Trial Act [as a separate violation from the 6th Amendment].
>
> The Party Injured has evoked [sic] this court's jurisdiction pursuant to 28 U.S.C. section 1343(a) showing a violation of 42 U.S.C. section 1983, 1985, and 1986 as he has alleged that the defendants herein were either: 1. Acting under the color of state law, or 2. Were acting in concert with said actors, or 3. Ratified the actions of said actors and maintained a policy and custom of such acts and that said actions caused damages to the Party Injured, [sic]. Further the Party Injured maintains that the actors were acting in disguise as "persons with delegated authority" to be doing said acts, or being aware of said wrongful acts engaged in the furtherance thereof, or neglected to prevent said acts.
>
> The Party Injured makes reference to 1 U.S.C.A. section 1, 26 U.S.C. section 7805(a), 27 Code of Federal Regulations section parts 170, 270, 275, and 285 in reference to 26 U.S.C. section 7212 to show that said

-10-

>     acts were done unreasonably without delegation of authority.

(Id. at 2-3.)

In sum, Plaintiff's filings offer no credible explanation or factual support for how his state law tort claims fall under the cited Amendments to the United States Constitution or provisions of the United States Code. (See Docket Entries 1, 18, 19, 20.) Plaintiff's mere assertions that his claims arise under federal law do not suffice. As such, the Court should dismiss Plaintiff's action for lack of subject matter jurisdiction.

### **Failure to State a Claim**

Even if the Court found a federal jurisdictional basis for Plaintiff's action, Plaintiff has failed to state a claim upon which relief may be granted. Defendants assert specifically that Plaintiff's claims are barred by the applicable statutes of limitations. (See Docket Entry 8 at 3-4; Docket Entry 13 at 11-12.) With the possible exception of Plaintiff's claims for intentional infliction of emotional distress, Defendants' argument has merit.

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) generally "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense

may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

The instant action presents an example of the "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the [C]omplaint . . . ." Goodman, 494 F.3d at 464. A fair, and liberal, reading of Plaintiff's Complaint reveals that Plaintiff alleges the following recognized causes of action: 1) defamation; 2) libel; 3) slander; 4) intentional infliction of emotional distress; 5) malicious prosecution; 6) professional negligence; and 7) negligence/gross negligence.[4] The relevant statutes of limitations periods for each of Plaintiff's recognized causes of action, with the exception of Plaintiff's claim for intentional infliction of emotional distress, are as follows:

---

[4] No independent civil causes of action for violation of right to a fair trial, violation of right to earn a fair wage, mental abuse, verbal abuse, outrageous conduct or mental anguish exist to the knowledge of the undersigned. Accordingly, said claims should be dismissed. See, e.g., Clark v. O'Rourke, No. 3:10-cv-527 RJC-DCK, 2011 WL 1399803, at *1 (W.D.N.C. Apr. 13, 2011) (unpublished) (adopting Magistrate Judge's recommendation of dismissal as to claims of "co-employment, verbal abuse, violation of right to earn a fair wage, and outrageous conduct . . . because they were not cognizable legal claims").

- <u>Defamation, Libel and Slander</u>: The applicable statute of limitations for defamation, libel, and slander is one year from the time the cause of action accrues. N.C. Gen. Stat. § 1-54(3). The cause of action "accrues at the date of the publication of the defamatory words, regardless of the fact that the plaintiff may discover the identify of the author only at a later date." <u>Price v. J.C. Penney Co.</u>, 26 N.C. App. 249, 252, 216 S.E.2d 154, 156 (1975) (citing <u>Gordon v. Fredle</u>, 206 N.C. 734, 175 S.E. 126 (1934)).
- <u>Malicious Prosecution</u>: The applicable statute of limitations for malicious prosecution is three years. N.C. Gen. Stat. § 1-52(5).
- <u>Professional Negligence</u>: The applicable statute of limitations for professional negligence is three years and "shall be deemed to accrue at the time of occurrence of the last act of the defendant giving rise to the cause of action . . . ." N.C. Gen. Stat. § 1-15(c). Furthermore, though said action may be brought later if injury is not readily apparent, "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . ." <u>Id.</u>
- <u>Negligence and Gross Negligence</u>: The applicable statute of limitations for a negligence or gross negligence action is three years from the date of accrual. N.C. Gen. Stat.

§ 1-52(5). "A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date." Harrold v. Dowd, 149 N.C. App. 777, 781, 561 S.E.2d 914, 918 (2002) (citing Pierson v. Buyher, 101 N.C. App. 535, 537, 400 S.E.2d 88, 90 (1991)).

Plaintiff's alleged federal causes of action under 42 U.S.C. §§ 1981, 1983 and 1985 would be governed either by the rule "that in the absence of a federal statute of limitations governing a federal cause of action, courts look first to the most analogous state statute of limitations," Grace v. Thomason Nissan, 76 F. Supp. 2d 1083, 1090 (D. Or. 1999), or under 28 U.S.C. § 1658, which states:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.[5]

Moreover, "[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him

---

[5] Whether the applicable statute of limitations for a claim brought under 42 U.S.C. § 1981 is the most analogous state law statute of limitations or the four-year statute of limitations provided in 28 U.S.C. § 1658 depends on whether Plaintiff's claims are enabled by the post-1991 amended version of Section 1981. See James v. Circuit City Stores, Inc., 370 F.3d 417, 420-21 (4th Cir. 2004). As Plaintiff's claims, brought nearly ten years after the applicable events took place, would be time-barred under either interpretation, the undersigned does not belabor this issue.

-14-

that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). If Plaintiff were able to connect one of the above-referenced state law tort claims to a violation of Section 1981, 1983 or 1985, "[P]laintiff possess[ed] sufficient facts about the harm done to him that reasonable inquiry [would have] revealed his cause of action" id., at the time of Plaintiff's 2001 court appearance.

Accordingly, as four years represents the longest limitations period applicable to Plaintiff's claims, and Plaintiff brought the instant claims nearly ten years after the underlying events occurred, Plaintiff's causes of action, as listed above, are time-barred.

Plaintiff's claims for intentional infliction of emotional distress require separate analysis. The applicable statute of limitations for intentional infliction of emotional distress is three years. N.C. Gen. Stat. § 1-52(5). As Plaintiff's Complaint does not specify when his emotional distress manifested itself (see Docket Entry 1), the Court cannot clearly determine from the face of the Complaint that the statute of limitations period has run. See, e.g., Morris v. Lowe's Home Ctrs., Inc., No. 1:10-cv-388, 2011 WL 2417046, at *6 (M.D.N.C. June 13, 2011) (Eagles, J.) (unpublished) (noting that plaintiff "provides no specific dates regarding when she allegedly suffered severe emotional distress"

-15-

and therefore finding, "[b]ecause the complaint does not clearly indicate that the intentional-infliction-of-emotional-distress claim is time barred, the statute of limitations is not an appropriate ground for dismissal").

Regardless, Plaintiff's Complaint lacks factual assertions to support this claim. The elements of intentional infliction of emotional distress are: 1) extreme and outrageous conduct; 2) which was intended to cause and did cause; 3) severe emotional distress to another. Chapman v. Byrd, 12 N.C. App. 13, 19, 475 S.E.2d 734, 739 (1996). Even applying a liberal reading to Plaintiff's Complaint, the allegations contained therein provide insufficient factual assertions to support Plaintiff's contentions that the actions of the Defendants were "extreme and outrageous" id., or that they were "intended" id., to cause Plaintiff's alleged emotional distress. Accordingly, Plaintiff's Complaint thus does not "plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" Atherton, 567 F.3d at 681–82 (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950 (2009)), and should be dismissed.

## **Conclusion**

Plaintiff's Complaint lacks factual assertions that would support federal question jurisdiction over his claims. Furthermore, even if Plaintiff asserted a basis for federal question jurisdiction, the face of Plaintiff's Complaint reveals

that his claims are time-barred by the applicable statutes of limitations or otherwise lack sufficient factual assertions to state a claim.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(6) filed by Defendants the Law Firm of Plummer, Belo & Russell, PA and Vernon Russell (Docket Entry 12) be granted in part, in that the Court should dismiss this action for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that, in the alternative, Defendant Foot Locker, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted and Memorandum in Support Thereof (Docket Entry 8) be granted and the Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(6) filed by Defendants the Law Firm of Plummer, Belo & Russell, PA and Vernon Russell (Docket Entry 12) be granted in part, in that the Court should dismiss this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Motion to Dismiss & Brief in Support (Docket Entry 18), Motion to Compel Each Party to Have Separate Counsel to Avoid Conflict of Interest; Brief in Support (Docket Entry 19), and Motion to Dismiss Defendants [sic] Motion to Dismiss (Docket Entry 20) be denied as moot.

This the  23rd  day of February, 2012.

                                                    /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                      **United States Magistrate Judge**